SIEGEL *v.* UNITED ELECTRIC HEATING CO.[1]

1. MASTER AND SERVANT—PERSONAL INJURY—NEGLIGENCE—DANGEROUS INSTRUMENTALITIES—DUTY TO WARN.

In an action against a master for injuries to a servant arising from the explosion of varnish containing amyl acetate, evidence examined, and *held*, insufficient to go to the jury on the issue of whether the master was negligent in failing to warn the servant of the explosive character of the varnish.

2. SAME—CARE REQUIRED.

A master using varnishes in his business is not required to warn his servants of dangers attending their use that are within the knowledge only of persons having the knowledge of skilled chemists; to require more than the knowledge possessed by the ordinarily well-informed user of varnishes would require more than ordinary care.

Error to Wayne; Rohnert, J. Submitted March 1, 1906. (Docket No. 25.) Decided March 27, 1906.

Case by Frederick W. Siegel, by next friend, against the United Electric Heating Company for personal injuries. There was judgment for defendant notwithstanding a verdict for plaintiff, and plaintiff brings error. Affirmed.

*Charles T. Wilkins,* for appellant.

*Louis C. Wurzer* and *May, Denby & O'Brien (Clarence A. Lightner,* of counsel), for appellee.

CARPENTER, C. J. Plaintiff, an intelligent boy 15 years old, was injured while an employé of defendant. He brought this suit to recover compensation, charging that his injury was caused by defendant's negligence. The case was submitted to a jury under a stipulation—

[1] Rehearing denied June 4, 1906.

"That if, upon a motion for a new trial, the court con-cludes that it should have taken the case from the jury, he may enter an order at that time to that effect, and enter judgment for the defendant."

The jury rendered a verdict for the plaintiff. Upon a motion subsequently made the trial court, acting in pursuance of the above stipulation, entered judgment for the defendant. From that judgment plaintiff appeals.

The question for our consideration is whether he made a case which the trial court was bound to submit to a jury. Upon behalf of plaintiff only two witnesses, viz., plaintiff himself and Dr. John M. Francis, gave testimony bearing upon the cause of action. It appeared from plaintiff's testimony that the business of defendant was the making of all kinds of electric heating machines. In the basement of the building occupied by defendant was a room which may be called the paint room. Upon a bench in this room stood the various paints, oils, and varnishes used by defendant in painting and varnishing the machinery it manufactured. Standing among these was a two-gallon can containing less than a gallon of a variety of varnish called bronzine. This bronzine, as plaintiff testified, looked like varnish and smelled like banana. It had formerly been used by defendant for gilding radiators, but had been laid aside because it was not suitable for that purpose, and for some time prior to the accident had been used only for polishing shoes. In the same room, and about eight feet distant, stood a stove. The door of this stove opened at right angles to a line drawn from the stove to the can of varnish above described. On the day of the accident a fire was burning in this stove. One Frank Carr, a co-employé of plaintiff, desiring to polish his shoes, plaintiff was directed by his immediate superior to accompany Carr to the paint room and point out this can. Plaintiff did as directed. Carr took the can, took off its cover, poured some of its contents on a piece of waste and set it back on the bench; thereupon a flame came from the can and an explosion occurred

which seriously injured plaintiff. Plaintiff also testified that he was not warned of this danger, and did not know that the service he was called upon to perform was dangerous.

It is not claimed that this testimony warrants the inference of negligence, but it is claimed that this testimony, considered in connection with that of plaintiff's other witness, Dr. Francis, does warrant such inference. Dr. Francis testified that the only liquid which looks like varnish and smells like banana is amyl acetate or essence of banana; that this acetate is sometimes used in the manufacture of varnish; that it is used sometimes as a solvent and sometimes as a deodorizer; that it is volatile at the temperature of an ordinary living room; that its vapor is explosive; that he can account for the explosion which injured plaintiff upon the assumption that this amyl acetate was present in large proportion in the varnish in said can; that if so present, sufficient of that essence might have volatilized to fill that part of the can unoccupied by its liquid contents; that the can, being covered and undisturbed, would retain this vapor, and when Carr moved it the vapor would come out, roll toward the direction of the fire, there be ignited and explode. He also testifies: "Without knowing anything of the possible quantity of amyl acetate, I cannot say positively that it would be dangerous;" and later "not knowing the amount of amyl acetate in that can, I could not swear that it would be dangerous." If this testimony does not affirmatively prove that the use of a small quantity of amyl acetate in manufacturing varnish is not dangerous, it certainly fails to prove that the use of such small quantity is dangerous. Neither does it appear from the testimony of Dr. Francis that there is a similar danger of explosions in the use of ordinary varnish. (And it does affirmatively appear by the testimony of defendant's witnesses that there is not.) It appears by his testimony that, although all varnishes contain inflammable ingredients, "they differ in their volatile character considerably," and " the manufacture of

varnishes used on radiators does not necessitate the use of a highly volatile solvent." This testimony made no case for a jury, unless it warrants the inference that defendant negligently sent plaintiff into a place of danger without warning him of that danger. Defendant was not negligent, unless it either knew or should have known the danger to which plaintiff's employment exposed him. This testimony clearly does not warrant the inference that defendant knew it. Does it warrant the inference that defendant should have known it? In determining this question, it should be borne in mind that defendant did not manufacture this varnish. Defendant purchased the varnish for the purpose of using it to guild radiators. This record does not establish a single circumstance calculated to arouse defendant's apprehension.

As defendant was bound to exercise the care and only the care that an ordinarily prudent person situated like itself would exercise, it was bound to know what and only what such ordinarily prudent person should know. Pollock on Torts, p. 26. For the purpose of fixing a basis for determining diligence, we cannot say that defendant must know more than the ordinarily well-informed user of varnishes. Is it to be presumed that such user would suspect that the can of bronzine contained this dangerous and explosive vapor? I think this question must receive a negative answer. To answer it in the affirmative we must hold that one who purchases varnish (an article not like dynamite, supposed to be intrinsically dangerous) for use in his business must ascertain at his peril the ingredients used in its preparation, their proportion and their properties. To know this he must possess more knowledge than is possessed by the ordinarily well-informed user of varnishes. Indeed, he must possess the extraordinary knowledge of a skilled chemist. To hold an employer liable for injuries to his employé upon the assumption that he has such knowledge would require him to exercise extraordinary care. He does his duty when he exercises ordinary care. See *Michigan Cent. R. Co.* v.

*Coleman,* 28 Mich. 440; *Michigan Cent. R. Co.* v. *Dolan,* 32 Mich. 510; *Grand Rapids, etc., R. Co.* v. *Huntley,* 38 Mich. 546; and *Lindstrand* v. *Lumber Co.,* 65 Mich. 254.

Plaintiff contends that defendant did know that paints and varnishes brought in contact with fire were liable to explode, and that it is liable, because it failed to warn plaintiff of this danger. We are justified by this record in saying that defendant's knowledge of the danger from bringing paints and varnishes in contact with fire did not warrant the belief that they would emit vapors which would take fire from a stove several feet distant. In other words, that knowledge did not warrant defendant's apprehension of the accident which happened to plaintiff. It did not warrant the belief that the service upon which plaintiff was sent was a dangerous one. Had plaintiff been warned of the danger known to defendant, it would not have saved him from the disaster which occurred. This record justifies our saying that defendant did not know and had no reason to believe that the service which plaintiff was sent to perform was a dangerous one. There is therefore no ground for charging that defendant was negligent in directing plaintiff to perform that service, or in failing to warn him that it was dangerous. See *Sjogren* v. *Hall,* 53 Mich. 274.

The learned trial judge was right in entering judgment for defendant, and that judgment should be affirmed.

McALVAY, BLAIR, OSTRANDER, and MOORE, JJ., concurred.